# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMES H. SULLIVAN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | No. 14 C 3198 |
| | ) | |
| v. | ) | Judge George M. Marovich |
| | ) | |
| H&M INTERNATIONAL TRANSPORTATION, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff James H. Sullivan, Jr. ("Sullivan") has filed employment discrimination claims against defendant H&M International Transportation, Inc. ("H&M"). After H&M discovered that Sullivan had had his debts discharged in a Chapter 7 bankruptcy action in which he did not disclose the existence of his claims against H&M, Sullivan filed a motion for judgment on the pleadings, arguing that Sullivan is judicially estopped from pursuing the claims. Separately, the bankruptcy trustee has filed a petition to intervene in this case. For the reasons set forth below, the Court denies defendant's motion for judgment on the pleadings and grants the bankruptcy trustee's petition to intervene.

## I.     Background

In October 2013, H&M, which had employed Sullivan for more than a decade, terminated his employment. In December 2013, Sullivan filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), in which charge he alleged that H&M had discriminated against him on the basis of his race and disability (among other things).

Within months, Sullivan was filing for bankruptcy. On April 9, 2014, Sullivan and his wife filed a voluntary petition for bankruptcy under Chapter 7. (The Court takes judicial notice of the pleadings in Sullivan's bankruptcy cases.) In the petition, Sullivan answered "NONE" when asked to list any contingent and unliquidated claims.

Sullivan's answer on his bankruptcy petition was false. On May 1, 2014, 22 days after stating that he had no claims, Sullivan filed with this Court a proposed complaint against H&M for employment discrimination and a petition for leave to proceed *in forma pauperis*. In his proposed complaint, Sullivan stated that H&M had discriminated against him on the basis of his race, color and disability when it discharged him. These were the same claims Sullivan had asserted in the charge of discrimination that he had filed with the EEOC just four months before filing for bankruptcy.

Not knowing about plaintiff's pending bankruptcy, the Court proceeded with plaintiff's case here. The Court granted plaintiff's petition to proceed *in forma pauperis* and asked a member of the trial bar to represent plaintiff in this case. The attorney obliged and filed an amended complaint, in which plaintiff seeks damages and reinstatement.

By July 29, 2014, the bankruptcy judge had discharged Sullivan's (and his wife's) debts. On December 22, 2014, defendant filed its motion for judgment on the pleadings.

Separately, Ronald R. Peterson (the "Trustee"), as Trustee of the bankruptcy estate of James Henry Sullivan, Jr. and Renee A. Simmons-Sullivan, has filed a petition to intervene. The Trustee states that although Sullivan did not schedule his employment-discrimination claims against H&M, Sullivan told the Trustee about them.

## II.     Discussion

Defendant seeks judgment on the pleadings with respect to plaintiff's claims. Defendant argues that plaintiff is judicially estopped from pursuing his claims in this case, because he failed to list them in his bankruptcy petition. Alternatively, defendant argues that the case should be dismissed, because Sullivan lacks standing.

The Court first considers the standing issue. The Court agrees that, on April 9, 2014, when Sullivan filed his bankruptcy petition, his claims for money damages became the property of the bankruptcy estate. *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006). As the Seventh Circuit has explained:

> Under § 541 of the Bankruptcy Code, all of a debtor's property, including legal claims, become part of the bankruptcy estate at the time the petition is filed. 11 U.S.C. § 541(a)(1); *Cannon-Stokes*, 453 F.3d at 448. The trustee may abandon a legal claim, but until then only the trustee, as the real party in interest, has standing to sue. *Cannon-Stokes*, 453 F.3d 448; *Biesek*, 440 F.3d at 413. Moreover, if a legal claim is not scheduled or otherwise administered by the time the bankruptcy is closed, it forever remains property of the estate, and the trustee remains the real party in interest. 11 U.S.C. § 554(d); *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004).

*Matthews v. Potter*, 316 Fed.Appx. 518, 2009 WL 741875 at *3 (7th Cir. 2009). So, the Trustee became the real party in interest with respect to Sullivan's claims for money damages when Sullivan filed for bankruptcy. Absent any suggestion that the Trustee has abandoned the claims (and defendant does not argue that he has), the Trustee remains the real party in interest with respect to Sullivan's claims for money damages. Accordingly, the Court grants the Trustee's petition to intervene. *See* Fed.R.Civ.P. 17(a)(1) ("An action must be prosecuted in the name of

the real party in interest.")  The Clerk shall change the caption to reflect the addition of the Trustee as a plaintiff in this suit.[1]

The addition of the Trustee as the real party in interest on Sullivan's legal claims, however, does not automatically mean that Sullivan drops out of the case.  Although his demand for money damages is legal, his demand for reinstatement is equitable.  Sullivan's demand for reinstatement (in a Chapter 7 case, anyway) is "of no value to [his] bankruptcy estate and [is] of 'no consequence to the trustee or the creditors.'" *Matthews v. Potter*, 316 Fed.Appx. 518, 524 (7th Cir. 2009) (quoting *Barger v. City of Cartersville*, 348 F.3d 1289, 1297 (11th Cir. 2003)).  Thus, the Court concludes that Sullivan remains the real party in interest with respect to his demand for reinstatement.

Defendant also argues that Sullivan is judicially estopped from pursuing his claims in this case.  It is true that a debtor who conceals a claim on a bankruptcy petition cannot pursue the claim after discharge.  *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006) (holding that a plaintiff who had failed to list her claim on a bankruptcy schedule could not later pursue the claim and stating, "It is impossible to believe that such a sizeable claim--one central to her daily activities at work--could have been overlooked when [plaintiff] was filling in the bankruptcy schedules.  And if [plaintiff] were really making an honest attempt to pay her debts, then as soon as she realized that it *had* been omitted, she would have filed amended schedules and moved to reopen the bankruptcy, so that the creditors could benefit from any recovery.").  Here, though,

---

[1] To the extent defendant is arguing that the Trustee is judicially estopped from pursuing these claims, the Court rejects the argument.  Defendant has not suggested that the Trustee engaged in any contradictory litigation tactics.  *See Cannon-Stokes*, 453 F.3d at 448 ("the estate in bankruptcy, not the debtor, owns all pre-bankruptcy claims, and unless the estate itself engages in contradictory litigation tactics the elements of judicial estoppel are not satisfied").

there is an issue of fact as to whether Sullivan concealed the claim. The Trustee has told the Court that Sullivan, in fact, told the Trustee about the discrimination claims, which suggests Sullivan's failure to schedule the claims may have been an oversight rather than an attempt to conceal. *See Spaine v. Community Contacts, Inc.*, 756 F.3d 542, 548 (7th Cir. 2014). Defendant is not entitled to judgment on the pleadings on the judicial estoppel issue, but it is free to attempt to establish judicial estoppel at a later stage of the litigation. Defendant's motion for judgment on the pleadings is denied.

## III. Conclusion

For the reasons set forth above, the Court denies defendant's motion [28] for judgment on the pleadings and grants the Trustee's motion [37] to intervene. The Clerk shall change the caption to reflect the addition of the Trustee as a party to this case.

ENTER:

George M. Marovich
United States District Judge

DATED: February 13, 2015